**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13007
Non-Argument Calendar
_____

ALABAMA STATE CONFERENCE OF THE NAACP,
GREATER BIRMINGHAM MINISTRIES,
EVAN MILLIGAN,

*Plaintiffs-Appellees,*

LAQUISHA CHANDLER, et al.,

*Plaintiffs,*

*versus*

SECRETARY OF STATE FOR THE STATE OF ALABAMA,

*Defendant-Appellant,*

STEVE LIVINGSTON,
in his official capacity as Co-Chair of the Alabama Permanent
Legislative Committee on Reapportionment et al.,

*Defendants.*

2                      Opinion of the Court                    25-13007

_____

Appeals from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:21-cv-01531-AMM
_____
_____

No. 25-14131
Non-Argument Calendar
_____

ALABAMA STATE CONFERENCE OF THE NAACP,
GREATER BIRMINGHAM MINISTRIES,
EVAN MILLIGAN,

*Plaintiffs-Appellees,*

LAQUISHA CHANDLER, et al.,

*Plaintiffs,*

*versus*

SECRETARY OF STATE FOR THE STATE OF ALABAMA,

*Defendant-Appellant,*

STEVE LIVINGSTON,
   in his official capacity as Co-Chair of the Alabama Permanent
   Legislative Committee on Reapportionment, et al.,

*Defendants.*

_____

Appeals from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:21-cv-01531-AMM
_____

Before BRANCH, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

25-13007                  Opinion of the Court                  3

These appeals arise out of the district court's entry of two injunctions under Section 2 of the Voting Rights Act ("VRA"). The Supreme Court, in the past few weeks, has vacated several district court injunctions entered under the VRA, and has remanded those cases for reconsideration in light of *Louisiana v. Callais*, 146 S. Ct. 1131 (2026). *See Allen v. Caster*, No. 25-243, 2026 WL 1282800, at *1 (U.S. May 11, 2026); *Bd. of Election Comm'rs v. NAACP*, No. 25-234, 2026 WL 1377105, at *1 (U.S. May 18, 2026); *Turtle Mountain Band v. Howe*, No. 25-253, 2026 WL 1377069, at *1 (U.S. May 18, 2026); *see also Allen v. Milligan*, No. 25A1315, 2026 WL 1552756, at *1–2 (U.S. Jun. 2, 2026). We stayed the district court's injunctions in these cases on May 28, 2026, concluding that Wes Allen, the Secretary of State of Alabama, had made a strong showing that we would, "as the Supreme Court has done," vacate these injunctions for further consideration in light of *Callais*. The plaintiffs, who initially defended the injunctions on appeal, now request that we vacate and remand so that the district court can assess the impact of *Callais* on its rulings. In light of the Supreme Court's recent practice, our precedent,[1] and the agreement between the parties that vacatur is appropriate, we vacate and remand for the district court to give these cases further consideration in light of *Callais* and *Milligan*. 146 S. Ct. at 1163; 2026 WL 1552756, at *1–2.

---

[1] *See, e.g., Powell v. Sch. Bd. of Volusia Cnty.*, 86 F.4th 881, 883 (11th Cir. 2023) (remanding in light of intervening Supreme Court authority); *United States v. Republic of Honduras*, 75 F.4th 1288, 1289 (11th Cir. 2023) (*en banc*) (same).

4                    Opinion of the Court                    25-13007

**VACATED AND REMANDED.**[2]

---

[2] Any rehearing petition must be filed no later than seven days from today.  If none is filed, the clerk's office is directed to issue the mandate the next business day.  *See* FED. R. APP. P. 40(d)(1); *id.* R. 41(b).